ARLENE GORDON-OLIVER & ASSOCIATES, PLLC
Proposed Attorneys for the Debtor
199 Main Street, Suite 203
White Plains, New York 10601
(914) 683-9750

Arlene Gordon-Oliver, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                                          Chapter 11

Three Angels Reality,                                                  Case No. 1-16-41661

                                            Petitioner.

Tax Id. No. 26-1885979
------------------------------------------------------------X

## AFFIDAVIT PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

STATE OF NEW YORK            )
                                                  ) ss.:
COUNTY OF WESTCHESTER  )

Dr. Anand Persaud, being duly sworn, deposes and says:

1. I am the Managing Member of Three Angels Realty, LLC ("Petitioner") with an address at 173-25 Jamaica Avenue, Jamaica New York 11432 (the "Property"). I submit this Affidavit pursuant to Local Bankruptcy Rule 1007-2.

### Local Rule 1007-2(a)(1)

2. Petitioner is a closely held single asset limited liability corporation established in 2006 which owns and operates a commercial building located at 173-25 Jamaica Avenue, Jamaica, New York 11432 (the "Property"). The Property was originally purchased and owned by Dr. Persaud's father. However, in 2005 the Property was refinanced by Dr. Persaud and his

1

father Haimraj Persaud with Flushing Savings Bank FSB ("Flushing"). The Property was pledged as collateral for a loan in the amount of $320,000 and Flushing was granted a Mortgage on the Property (the "Flushing Mortgage and Note") to secure the indebtedness. The Flushing Mortgage Note and Mortgage was thereafter assigned to Home Loan Investment Bank, FSB (the "Bank"). In addition, as additional security for the loan, Dr. Persaud also pledged the assets of his medical practice, Medical Offices of Anand R. Persaud, M.D. P.C. In 2011 Petitioner and the Medical Office executed and delivered a Gap Note to the Bank evidencing an indebtedness of $446,992. A mortgage (the "Gap Mortgage") was granted to the Bank to secure the indebtedness on the Gap Note. In June 2011 Petitioner and the Medical Office also executed and delivered a Consolidated Note and a Consolidated Mortgage modifying the terms of the Gap Mortgage and Gap Note. An Assignment of Rents and Leases was also executed and delivered to the Bank. A Loan and Security Agreement was also executed by the Medical Office and delivered to the Bank to secure the indebtedness. Accordingly, Petitioner's various mortgages and notes were Consolidated by Agreement to form one single lien securing the principal amount of $680,000. Accordingly, the Consolidated Note and Mortgage constitute a first lien on the Property securing the principal sum of $680,000 plus interest.

3.      There is now due and owing to the Bank the principal amount of $763,863.29. The Property now has an estimated current fair market value of $600,000.

The Property consists of a two story commercial building with a basement. The Property has two commercial tenants. The tenant Best Hands on Physical Theraphy is located on the second floor and Dr. Persuad's Medical Office occupies the first floor of the Property. The Medical Office is an affiliate entity of Petitioner which is owned and operated by Dr. Persaud, the managing member of Petitioner.

2

From the inception, all the utilities and insurance for the Property has been in the name of the Medical Office. Accordingly, Petitioner was not obligated to pay any carrying costs for the Property with the exception of the mortgage and the taxes.

Unfortunately, as a result of the hard economic times and certain medical insurance issues, the Medical Office fell behind on its rent payments to Petitioner. In order for Petitioner to remain current on its mortgage payments and taxes as it had timely done for several years, Dr. Persaud used his own funds and borrowed funds to support the operations of Medical Office and to assist Medical Office in the payment of its rent to the Petitioner. However, in approximately August 2013, the Medical Office fell behind on the rent payments as a result of the ongoing medical insurance issues. As a result, Petitioner began experiencing difficulties maintaining the mortgage payments to the Bank. Petitioner tried to seek financing in order to resolve its issues with the Bank but has been unsuccessful in obtaining financing. In addition, Dr. Persaud has exhausted all of his personal resources including borrowing from credit cards and family and could not continue to infuse the necessary cash to keep the payments current.

As a result of the foregoing, on or about June 25, 2014, the Bank commenced a foreclosure action against the Property encaptioned <u>Home Loan Investment Bank, F.S.B. v. Three Angels Reality, LLC et al.</u> Index No 706629/2014 in the Supreme Court of the State of New York, County of Queens.

As a result of the foregoing, Petitioner filed the instant Chapter 11 proceeding in order to preserve its assets for the benefit of all of its creditors.

**Local Rule 1007-2(a)(2)**

4.     This case was not originally commenced under Chapter 7 or 13 of the Bankruptcy Code.

3

**Local Rule 1007-2(a)(3)**

5. No committee was organized prior to the filing of this case.

**Local Rule 1007-2(a)(4)**

6. A schedule of the Petitioner's 20 largest unsecured creditors is annexed hereto as Exhibit "A".

**Local Rule 1007-2(a)(5)**

7. A schedule of the Petitioner's secured creditors is annexed hereto as Exhibit "B".

**Local Rule 1007-2(a)(6)**

8. A summary of the Petitioner's assets and liabilities is annexed as Exhibit "C".

**Local Rule 1007-2(a)(7)**

9. The Petitioner does not have any publicly held shares of stock, debentures or other securities.

**Local Rule 1007-2(a)(8)**

10. Petitioner's property is the possession of a receiver of rents.

**Local Rule 1007-2(a)(9)**

The Petitioner has its office and operates its business at the Property.

Petitioner's has one affiliate, the Medical Office. The Affiliate operates its businesses as separate entity from the affairs of Petitioner and will not be filing a chapter 11 bankruptcy petition at this time.

**Local Rule 1007-2(a)(10)**

11. The Petitioner's substantial assets are located at 173-25 Jamaica Avenue, Jamaica, New York 11432.

**Local Rule 1007-2(a)(11)**

11.     As of the filing date the following actions were pending:

*Home Loan Association FSBv. Three Angels Reality, LLC et. al.*
Supreme Court of the State of New York
County of Queens
Index No. 706629/2014
*Foreclosure Action*

**Local Rule 1007-2(a)(12)**

12.     The Petitioner's senior management is comprised of Dr. Anand Persaud, Managing Member.

**Local Rule 1007-2(b)(1)**

13.     The estimated payroll to employees (exclusive of officers, directors, stockholders and partners) for the thirty (30) day period following the filing of the chapter 11 petition is $0 as Petitioner has no employees.

**Local Rule 1007-2(b)(2)**

14.     The estimated amount to be paid for services to its, partners, for the thirty (30) day period following the filing of the Chapter 11 petition is $0.

**Local Rule 1007-2(b)(3)**

15.     The estimated schedule of cash receipts and disbursements for the thirty (30) day period following the filing of the Chapter 11 petition, net cash gain or loss, obligations and receivables expected to accrue but remaining unpaid, other than professional fees **are set forth herein as Exhibit "D".**

## Conclusion

16.     In addition to the foregoing, a copy of the corporate resolution authorizing the filing of the instant Chapter 11 petition is annexed as Exhibit "E".

17.     A list of all members is annexed as Exhibit "F".

18.     The Petitioner believes it is in the best interests of all of its creditors that it be afforded an opportunity to reorganize its obligations in Chapter 11.

19.     The needs and interests of the Petitioner and its creditors will best be served by the Petitioner's possession of its assets and management of its affairs as a Debtor -in-Possession under Chapter 11 until confirmation of a Plan.

20.     Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

/s/ Dr. Anand Persaud
Dr Anand Persaud, Managing Member

Sworn To Before Me This
19 day of April, 2016

/s/Arlene Gordon-Oliver
Arlene Gordon-Oliver
Arlene Gordon-Oliver
NOTARY PUBLIC-STATE OF NEW YORK
No. 02OL5056614
Qualified in Westchester County
Commission Expires May 1, 2018

# EXHIBIT "A"
## TWENTY LARGEST UNSECURED CREDITORS*

| NAME | AMOUNT OWED |
|---|---|
| Viv Construction Co. Inc.<br>89-68 201st Street<br>Queens Village, New York 1427 | $100,000.00 |
| Raymond Kahn<br>173-21 Jamaica Avenue<br>Jamaica, New York 11432 | $5000.00 |

\* List does not include insiders within the meaning of 11 U.S.C. Section 101(14)

## EXHIBIT "B"

## FIVE LARGEST SECURED CREDITORS

| NAME | AMOUNT OWED |
|---|---|
| Home Loan Investments Bank, FSB<br>c/o Adam Leitman Bailey, P.C.<br>120 Broadway, 17th Floor<br>New York, New York `0271 | $763,863.29 |
| New York City Department of Finance<br>345 Adams Street, 3rd Floor<br>Brooklyn, New York 11201 | $15,782.23 |
| Bank of New York<br>101 Barclay Street<br>New York, New York 10286 | $30,000.00 |

# EXHIBIT "C"

## SUMMARY OF ASSETS AND LIABILITIES

ASSETS

| | |
|---|---|
| Real Property | $ 600,000.00[1] |
| Rent receivables | $ 10,080.00 |
| TOTAL ASSETS | $ 610,080 |

LIABILITIES

| | |
|---|---|
| Mortgage | $ 763,863.29 |
| Accounts payable | $ 105,000.00 |
| Taxes/ Water/ Sewer | $ 6,400.00 |
| Real Estate Tax Liens | $ 45,782.23 |
| Loans payable | $ 100,000 |
| TOTAL LIABILITIES | $1,021,045.52 |

---

[1] Fair Market Value is an estimate based upon sales in the arear. Petitioner is in the process of obtaining a formal appraisal for the Property..

## EXHIBIT "D"

## SCHEDULE OF ESTIMATED CASH RECEIPTS
## AND DISBURSEMENTS FOR THE THIRTY DAY PERIOD FOLLOWING FILING OF
## THE CHAPTER 11 PETITION

### Income (Rents)

| Tenant (1) | Best Hands on Physical Therapy | $1500.00 |
| (2) | Medical Office | $3000.00 |
| | **Total Income** | $ 4500.00 |

### Expenses

| Taxes | $1000.00 |
| Insurance | $ 125.00 |
| Water Bill | $ 137.00 |

**Total Expenses**                              $ 1,262.00

**Net Income**                                  $ 3,238.00

## EXHIBIT "E"

### CORPORATE RESOLUTION

The undersigned, Managing Member of Three Angels Reality, LLC does hereby certify that at a duly called meeting of the Members of Valley Street, LLC held on the 19th day of April 2016, the following resolutions were adopted, and they have not been modified or rescinded, and are still in full force and effect:

RESOLVED, that in the judgment of the members of Three Angels Reality, LLC, it is in the best interests of Three Angels Reality, LLC \, its creditors, limited partners, and other interested parties, that its Managing Member be empowered to cause a petition under Chapter 11 of the Bankruptcy Code to be filed by Three Angels Reality, LLC upon such date, and in the event, in their discretion, such action should become necessary for the protection of the Three Angels Reality, LLC and the preservation of its assets without further notice to the members of Three Angels Reality, LLC; and it is further

RESOLVED, that the Managing Member of Three Angels Reality, LLC be and is hereby are authorized on behalf of Three Angels Reality, LLC to execute and file all schedules, lists and other papers and to take any and all action which they may deem necessary or proper in connection with such proceedings under Chapter 11, and in that connection to retain and employ Arlene Gordon-Oliver & Associates, PLLC, and to retain and employ all assistance by other legal counsel or otherwise which they may deem necessary or proper with a view to the successful conclusion of such reorganization case."

IN WITNESS WHEREOF, I have hereunto set my hand, this 19th day of April, 2016.

/s/ Dr. Anand Persaud
Dr. Anand Persaud, Managing Member

Sworn To Before Me This
19th day of April, 2016

/s/ Arlene Gordon-Oliver
Arlene Gordon-Oliver
NOTARY PUBLIC-STATE OF NEW YORK
No. 02OL5056614
Qualified in Westchester County
Commission Expires May 1, 2018

## EXHIBIT "F"

## PARTNERS AND AFFILIATES

**MANAGING MEMBER:** Dr. Anand Persaud

**MEMBERS:** Dr. Anand Persaud

**AFFILIATES:** Medical Office of Anand Persaud, M.D. P.C.